RIDGEWOOD LAND Co., INC., et al. *v.* SIMMONS, et al.

No. 42123 February 5, 1962 137 So. 2d 532

*John M. Putnam, Overstreet, Kuykendall, Perry & Phillips,* Jackson, for appellants.

*Watkins, Pyle, Edwards* & *Ludlam*, Jackson, for appellees.

240

APPELLANTS IN REPLY.

Rodgers, J.

This suit originated because of a dispute about a zoning order entered by the Board of Supervisors of Hinds County, Mississippi, over the objection of property owners who lived adjacent to the lands rezoned.

The Ridgewood Land Company, Inc., a Mississippi corporation, domiciled in Hinds County, is engaged in the business of buying land and developing it by building homes, streets, utilities, and all of the essentials for the use of a thriving community, so that it may be sold to the public. The appellant Ridgewood Land Co., Inc., hereinafter called the "Company", purchased 465 acres of land adjoining the City of Jackson, Mississippi, on the north, for the purpose of constructing a real estate development of approximately 1,200 homes. The proposed development, in addition to dwellings, will consist of churches, schools and a modern shopping center.

On February 25, 1960, there was a petition filed with the Planning Board to rezone as commercial property a part of the same property as was rezoned as commercial by order of the Board of Supervisors of Hinds County, Mississippi, dated December 7, 1960. On April 25, 1960, an order was entered by the Planning Board recommending that the petition be denied. On May 11, 1960, an order was entered by the Board of Supervisors and placed in Minute Book 54, p. 638, denying the application of the commercialization of the property described in the notice. The Planning Board recommended in the order on this application that the location of a shopping center for this area should be along Orchard Road rather than Ridgewood Road, which is some distance east of the area sought to be rezoned.

On June 1, 1960, the Company filed a new or "amended" application with the Planning Commission proposing to establish a row of houses and a street between the shopping center sought to be established and the resi-

dential properties, both to the north and to the south of the center, so as to provide a buffer zone between the residential properties of the protestants and the shopping center area. The Planning Commission, after having given notice of a hearing, re-examined the application, heard the objections, and recommended to the Board of Supervisors of Hinds County that the lands be rezoned because they were of the opinion that the buffer strip was adequate for the protection of the residential areas and that the shopping center was in line with the proper and orderly development of this property. The Hinds County Board of Supervisors gave notice of a hearing on the application, and continued the hearing from time to time by proper order, until the matter was heard and considered on the 7th day of December 1960. At the final hearing, the Company agreed to the above-mentioned buffer zone of two rows of residences and a street between the shopping center and the objectors on the north and a 250-foot residential buffer zone between the shopping center and the objectors who live on Adkins Boulevard Subdivision to the south. The Board of Supervisors accepted this recommendation and entered its order rezoning the property after modifying the described area.

The testimony introduced before the Board of Supervisors was full and complete. Objectors, adjacent homebuilders, expert realtors, subdivision developers and engineers testified. Both sides were represented by able attorneys and the Board of Supervisors had an exhaustive and detailed statement of facts on which to base their decision.

The Board of Supervisors found in their order, as a matter of fact, among other things, that the property should be brought in compliance with the Board's overall comprehensive zoning plan with respect to safety; and to lessen congestion in the streets, the commercial shopping center area as applied for should be modified

as set out, that is, in the public interest, that the described land be reclassified; that, from the evidence, there has been substantial changes in conditions and circumstances in the area which warranted the reclassification of districts herein ordered.

The protesting property owners appealed from the order of the Board of Supervisors to the Circuit Court of the First District of Hinds County, Mississippi, by a bill of exceptions in which they made the Board of Supervisors a party. The case was reviewed by the Circuit Judge, and he entered an order reversing the order of the Board of Supervisors. The Ridgewood Land Company, Inc., has brought this case to this Court on appeal, and the Board of Supervisors has also filed a brief joining the appeal to this Court from the order of the Board of Supervisors.

The appellant claims that the order of the Board of Supervisors is administrative, reasonable, supported by substantial evidence, and is not arbitrary or capricious. It does not violate the constitutional rights of the objecting adjacent property owners, and is not beyond the power of the Board of Supervisors to make, and the Circuit Court was therefore in error in reversing the rezoning order so entered by the Board on the hearing before it.

The appellee, adjacent property owners, take the view that the order complained of above is void because: (1) the property described in the order is not the property mentioned in the notice published in the Clarion-Ledger and notice of a hearing before the Board of Supervisors is required by law, and for that reason objectors were not afforded due process of law; (2) protestants claim that the order was unreasonable, capricious and arbitrary; that the order was unsupported by substantial evidence, and confiscates the property of the protestants. The protestants argue that the order is illegal ''spot zoning'' and is void for that reason.

The authority for the action of the Board of Supervisors is found in Section 2890.5, Miss. Code 1942, Recompiled, and as amended by Laws 1960, Chapter 402, Sec. 2890.5, which gives the Board of Supervisors all of the powers granted to the municipalities by Secs. 3590 through 3597, Code of 1942, as amended by the Laws of 1956 to zone areas outside of the unincorporated part of each county. The Board of Supervisors may act in conjunction with municipalities located in the county or independently.

The county now acts under the same authority heretofore granted municipalities by Sec. 3590, as amended by Laws of 1958, Chapter 532, the pertinent part of which is as follows: "For the purpose of promoting health, safety, morals, or the general welfare of the community, the legislative body of any municipality is hereby empowered to regulate the height, number of stories and size of building and other structures; the percentage of lot that may be occupied, the size of yards, courts and other open spaces, and density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes, and shall, for playgrounds and public parks, possess the power, wherein requisite, of eminent domain and the right to apply public money thereto, and may issue bonds therefor as by law otherwise permitted."

Sec. 2890.5 provides that the governing authority of each municipality and county either independently or jointly may for the purpose of preparation, adoption, amendment, extension and carrying out an official plan, for physical development in accordance with present and future needs, create a planning board, with "authority to prepare and propose (1) a master plan of physical development of the municipality or county, or part thereof; (2) a proposed zoning ordinance and map; (3) regulations governing subdivisions of land; (4) building or set back lines on roads and highways; and (5) make

recommendations from time to time to the governing authorities of each municipality or county with regard to the enforcement of and amendments to the proposals of the planning commission and resolutions or zoning ordinances of such authorities.'' Laws 1960, Chapter 402.

Section 3593, Miss. Code 1942, Recompiled, sets out the method of procedure to determine, establish and enforce, and from time to time amend, supplement or change the zoning restrictions and boundaries, as follows: ''However, no such regulation, restriction or boundary shall become effective until after a public hearing, in relation thereto, at which parties in interest, and citizens, shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality.''

In the outset we are confronted with the objection made by the adjacent property owners that the zoning order of the Board of Supervisors in this case is unreasonable, arbitrary, discriminatory and an abuse of their discretion, and which amounted to the confiscation of their property because (1) the facts (a) show that there is more desirable property already zoned as commercial 900 feet west of this property, (b) that the Planning Board turned down the first proposal of the appellant by order of May 11, 1960, and stated then that a proper location for a shopping center to serve the area was being developed by appellants which would be along Orchard Road rather than Ridgewood Road; (2) that a new application filed twenty-one days after the Board of Supervisors refused to rezone, with a slight change was filed so as to show a buffer zone between the property of objectors and the proposed shopping center, but that the exhibit filed with the petition did not show such a buffer zone; (3) that the notice published in the Clarion-Ledger set out the same description

of the property as was described in the petition, but that at the hearing the petitioners proposed to change the area so as to move it east 125 feet, and which was not described in the notice printed in the Clarion-Ledger and required by law. It is argued that the petitioners were thereby denied due process of law.

The appellant argues that the Circuit Court and this Court on appeal should inquire into whether or not the order is reasonable, whether it is supported by substantial evidence or is arbitrary or capricious, or beyond the power of the Board to make. The appellee admits this by the use of the same words except that appellee states that "Orders in zoning matters are very definitely subject to judicial review and should be declared void and non-enforceable."

The zoning laws are of relatively modern origin, (58 Am. Jur., 942, Zoning, Sec. 5) and are in derogation of common-law rights as to the use of private property. (Ibid, Sec. 11). The Legislature may permit municipalities and counties to exercise the police power of the state, but before an order by such governing authority can become a valid zoning regulation, the order or ordinance must carry with it all the necessary requirements incident to a legitimate exercise of police power, that is to say, the restriction imposed must bear a substantial relation to the public health, safety, morals or general welfare of the people. 58 Am. Jur., Zoning, Sec. 19, p. 951.

This Court underwent considerable anxiety before it accepted without reservation the fact that zoning laws are constitutional and were permitted under the police authority of a state. See Dart v. City of Gulfport, 147 Miss. 534, 113 So. 441; Fitzhugh, et al. v. Jackson, et al., 132 Miss. 585, 97 So. 190, 33 A. L. R. 279.

Under the common law a landowner had the right to use his land in any manner he cared to use it so long as its use did not create a nuisance.

 █ The adjacent property owners in this case do not challenge the validity of the original zoning restriction, nor the authority of the Board of Supervisors to enact reasonable zoning regulations. They are interested in preventing the owners of the land from building a shopping center on their property, because they believe that it may affect the value of their property. The Board of Supervisors, however, is required by law to consider not only the objectors' interest and the landowner's right to use his land in making zoning restrictions, but the common good of the community and the general welfare of all of the citizens. City of Jackson v. McPherson, 162 Miss. 164, 138 So. 604.

This Court pointed out in the case of Board of Supervisors of Clay County v. McCormick, et al., 207 Miss. 216, 42 So. 2d 177, that the enactment of a zoning ordinance under the liquor laws was a legislative function delegated to the Board of Supervisors, and the Court said: "The last few decades have witnessed the rise of a new instrument of government, the administrative tribunal. The rapidity of its growth, the significance of its powers, and the implications of its being, are such as to require notice of the extent to which 'administrative law' is weaving itself more and more into our governmental fabric." The Court then points out that when appeals to this Court are taken from the legislative acts of a board of supervisors, the appeal is taken under Sec. 1195, Miss. Code 1942, and in quoting from the case of California Company v. State Oil & Gas Board, 200 Miss. 824, 27 So. 2d 542, 547, 28 So. 2d 120, said "* * * the Court to which the appeal is taken shall only inquire into whether or not the same is reasonable and proper according to the facts disclosed before the Board, that is to say, whether or not its decision is supported by substantial evidence or is arbitrary or capricious, or beyond the power of the Board to make, or whether it violates any constitutional right of the complaining

party.'' This Court quoted with approval 62 C. J. S., Municipal Corporation, Sec. 226 (1), p. 418, in the case of Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So. 2d 281, in holding the zoning ordinances are legislative acts of the municipality. White, et al. v. Luquire, Funeral Home, et al., 221 Ala. 440, 129 So. 84; Clesi, et al. v. Northwest Dallas Imp. Ass'n, et al., 263 S. W. 2d 820.

■■ As a general rule an appellate court will not interfere with the legislative authority of the governing bodies of a municipality or county, nor will it substitute the Court's judgment for the judgment of a governing body, (Ballard, Mayor, etc., et al. v. Smith, 234 Miss. 531, 107 So. 2d 580) but reviews acts of governing authorities to determine whether such acts are reasonable, arbitrary, discriminatory, confiscatory or an abuse of discretion. W. L. Holcomb, Inc. v. City of Clarksdale, supra; 58 Am. Jur., Zoning, Sec. 22, p. 954; Village of University Heights, et al., Appts. v. Cleveland Jewish Orphans Home, 20 Fed. 2d 743, 54 A. L. R. 1008; Adams v. Reed, Mayor of City of Long Beach, Mississippi, 239 Miss. 437, 123 So. 2d 606.

In the Holcomb case, supra, above-cited, the Court, in quoting from 62 C. J. S., Municipal Corporations, Sec. 228, p. 566, said: ''It is presumed that the legislative body investigated and found conditions such that the legislation which it enacted was appropriate, and that it acted wisely, and with full knowledge of the conditions, that it intended a reasonable and legal classification and had sufficient reason to make the classification that it made, * * * and that the regulation is in the interest of the community as a whole.'' See also Ballard, Mayor, etc., et al. v. Smith, supra.

■■ We have read carefully the testimony in this case, not for the purpose of passing on the wisdom of the rezoning order, nor for the purpose of substituting our judgment for the Board's judgment, but to determine whether there are any grounds on which the appellees

can reasonably base an assertion that the rezoning of the property was in fact arbitrary, discriminatory or confiscatory. It may appear to some individuals who are familiar with the facts that it would be better for all concerned to put the shopping center on "Orchard Road" rather than on "Ridgewood Road", but we do not find from the evidence that the rezoning order is invalid because the Board did not reject the application because there was a better shopping area on Orchard Road, nor because it is unreasonable, arbitrary or confiscatory. Moreover, it is apparent to us that the Board of Supervisors could reasonably find that the additional row of residences between the property of adjacent landowners and the proposed shopping center will prevent any reduction in the value of the property of adjacent landowners. ▆▆ ▆ This Court will not pass upon the wisdom or policy of a rezoning order because that is a question for the determination of the Board of Supervisors. Euclid Village of Ohio, et al., Appts. v. Ambler Realty Co., 272 U. S. 365, 54 A. L. R. 1016; State, ex rel. v. City Planning & Zoning Commission of the City of New Orleans, et al., 59 So. 2d 832 (La.).

▆▆▆ The appellee complains that the Board of Supervisors joined the appellant Ridgewood Land Company in appealing from the order of the Circuit Judge, in which he said: "It is the opinion of the court that the Board of Supervisors is a court of special and limited jurisdiction in deciding this case and should not be a party to the appeal." We agree that the Board should not in any case be a party to a suit on appeal unless it is actually a party in interest to the original suit. We point out, however, that the Board was brought into the suit on appeal by the bill of exceptions filed by the appellees in the Circuit Court.

The appellees claimed in the Circuit Court, and have renewed their claim here, that the order of the Board "varied greatly from the legal description in the notice

as published and from the application as filed'', and it is claimed that this alleged variance denied them and others who might have objected to a ''proper hearing and due process of law.'' This objection grows out of the fact that the Board required the applicants to set up an additional ''buffer zone'' of two rows of homes on the north and south, and extend the shopping center east 125 feet. The applicant owns all of the land to the east of the shopping center, so there is no landowner adjacent to the proposed shopping center except appellant.

The textwriter Charles S. Rhyne, in his textbook on Municipal Law, sets out the following with reference to notice under the zoning laws: ''Zoning ordinance provisions calling for notice and hearing must comply with governing statutes, and the adoption of a zoning ordinance without giving the required notice will render the ordinance invalid. * * *

''Interim ordinances, ordinances zoning newly annexed land, and amendments must be enacted in accordance with statutory or ordinance requirements of notice and hearing. Likewise, boards in passing upon requests for variances and exceptions must meet governing notice and hearing requirements.

* * *

''The required notice must set forth the pertinent information unambiguously so as to inform interested persons of the proposed action. * * *''

But it is here pointed out that ''One who has received notice of a hearing and actually attends waives objection to insufficiency of the notice because the notice has achieved its purpose. * * *'' (Pp. 831-832.) Citing Livingston Rock and Gravel Co. v. Los Angeles, 43 Cal. 2d 121, 129, 272 P. 2d 4 (1954). See also Crawford v. Brown, 215 Miss. 489, 61 So. 2d 344, as to notice generally.

■■■ The appearance of the objectors at the hearing, which was continued from time to time for the benefit of the objectors, under the authorities above cited, waived any objection they might have had to the form of the notice. Appellees claim, however, that the variance between the order of the Board of Supervisors rezoning the disputed area and the notice prevented them from getting a fair hearing and due process of law.

The general rule with reference to a variance between a proposed zoning amendment and the actual amendment is set forth in 101 C. J. S., Zoning, Sec. 110, p. 866, as follows: ''* * * the validity of the amendment or change will not be affected where the variance is minor or merely formal, or where the variance is a liberalization of the amendment rather than an enlarged restraint. Thus, it has been held that requirements as to notice of hearing on the adoption of amendments to a zoning ordinance may be inapplicable to amendments made in the course of passage of an ordinance amending prior regulations; and, under provisions to that effect, the municipal governing body may, after the hearing, adopt the proposed change, reject it, or amend it and adopt it as amended.''

■■■ We are of the opinion that there was no violation of appellees' statutory right of notice and right to be heard; nor was the variance between description in the published notice and the final order of the Board of Supervisors a denial of appellees' statutory right to be heard, because the Board had a right to amend the description of the property to be rezoned at the hearing where the objectors had voluntarily appeared, and there was no material change in the description of the property sought to be rezoned.

■■■ Finally, it is claimed that the order of the Board of Supervisors is ''spot zoning'' and the order is therefore invalid. Appellees point out 101 C. J. S., Zoning, Sec. 34, as authority for this contention. We are of

the opinion that although a zoning ordinance or amendment creates in the center of a large zone a small area or a district devoted to a different use, it is not spot zoning if it is enacted in accordance with a comprehensive zoning plan. ■■ ■ There is no doubt in this case that the area covered by the overall plan is a large and comprehensive plan covering many acres, and that rezoning of the area involved is done because of the changed conditions and surroundings in the overall plan. Therefore, under the facts in this case, the order of the Board of Supervisors is not invalid because of spot zoning. We pretermit a decision as to whether or not spot zoning is illegal under Mississippi zoning statutes. Marshall v. Salt Lake City, et al., 105 Utah 111, 141 P. 2d 704, 149 A. L. R. 282; Eggebeen, et al. v. Sonnenburg, et al., 239 Wis. 213, 1 N. W. 2d 84. See Anno., 128 A. L. R. 740.

From the foregoing reasons it will be seen that we are of the opinion that the order of the Board of Supervisors rezoning the area described in the order is valid, and that the learned Circuit Judge erroneously set aside the order of the Board. The judgment of the Circuit Court in this case will therefore be reversed and the order of the Board of Supervisors reinstated.

Reversed, and the order of the Board of Supervisors reinstated.

*McGehee, C. J.,* and *Arrington, Ethridge* and *McElroy, JJ.,* concur.