203 So.2d 593 (1967)
W.K. PAINE et al.
v.
J.W. UNDERWOOD.
No. 44588.
Supreme Court of Mississippi.
November 6, 1967.
*594 C. Eugene McRoberts, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellant.
Robert H. Weaver, Watkins, Pyle, Edwards & Ludlam, Jackson, for appellee.
INZER, Justice.
This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County affirming an order of the Board of Supervisors of that county amending a county zoning ordinance in response to a petition by appellee, J.W. Underwood, to reclassify certain property belonging to appellee from "A" Residential to "B" Commercial. Appellants are W.K. Paine, Mrs. Kathleen K. Paine, First National Bank of Jackson, Mississippi, as Trustee under the will of Kenneth A. Paine, deceased, and Mrs. Carolyn Paine Davis, who appeared at the hearing before the Board of Supervisors and protested appellee's petition to have this property rezoned.
On January 24, 1966, appellee filed his petition with the Board seeking to have fourteen acres of his property rezoned from residential to commercial. The Board referred the matter to the Hinds County Planning Commission, which after investigation, unanimously recommended to the *595 Board that the property be rezoned. Thereafter the Board held a public hearing on the matter and appellants appeared and protested. The Board adopted a Resolution on August 2, 1966, amending the zoning ordinance of Hinds County so as to reclassify the property, in accordance with appellee's petition, from residential to commercial.
Appellants filed a bill of exceptions and perfected an appeal to the circuit court, where, after a hearing, a judgment was rendered affirming the action of the Board. From that judgment appellants appealed to this Court, assigning as error that the County Zoning Ordinance cannot be amended by resolution or order, and that the enactment of the Resolution was an unfair, arbitrary, and capricious exercise of the legislative authority of the Board and constituted "spot zoning" within the rule that in order to justify such reclassification petitioner has the burden of proving either that the original classification was a mistake or that there has been a sufficient change in circumstances since enactment of the current zoning ordinance.
The subject land, on which appellee proposes to build a five-store, neighborhood shopping center, is located on the west side of Hanging Moss Road, north of Jackson, in Hinds County, Mississippi. It is bordered on the west by Norwood, a residential subdivision now in the process of development and owned by Family Homes, Inc., of which appellee is principle stockholder. The residences in this subdivision nearest to the proposed site of appellee's shopping center are more than 300 feet away and will be buffered by a street and two rows of houses as well as 25 feet of proposed additional plantings and landscapings. The subject land is bordered on the east by Hanging Moss Road and east of the road is other undeveloped residential property owned by Family Homes, Inc. To the immediate south of appellee's proposed commercial development is another residential tract owned by appellee on which he plans to develop a 200 foot wide strip of plantings to buffer residences farther south on Hillside Drive. To the immediate north is Hanging Moss Creek and a predominantly residential, thirty acre tract owned by the Paine family, appellants. Thus the subject land is completely surrounded by property zoned residential, the closest commercial property being a tenacre section of appellants' thirty-acre tract located approximately 444 feet north of the common boundary. This ten acres was zoned commercial in 1958 and is presently being used as a little league ball park. Other commercial property in the vicinity includes a food store to the northeast on Beasley Road and a combination grocery and service station on Hanging Moss Road within the city limits.
Since 1960, appellee has purchased 1,300 acres of land in this area which he plans to develop as residential subdivision properties. To date, 357 acres or approximately one fourth of this land has been developed. The remaining 943 acres is sufficient to accommodate more than 2,000 additional houses. Since 1961 Family Homes, Inc., has built approximately 500 houses in the vicinity.
The testimony on behalf of appellee establishes that the proposed shopping center would draw its customers principally from an area bounded on the north by the County Line Road, on the east by the Illinois Central Railroad, on the south by Iris Road and on the west by Watkins Road extended. In this area there were, at the time of the trial, approximately 1,600 homes, whereas the economic criteria for supporting a shopping center is 1,500 families. This area is now and has been rapidly developing. In the four years prior to the trial, the population increased from 3,850 to 5,650 and it is estimated by James E. Noblin, Chief Economist for Michael Baker, Incorporated, engineering consultants, that by 1976 the population in this area would exceed 16,000. This population would be more than enough to support two shopping centers like the one appellee proposes to build. The average income in *596 the primary market area is $10,500, well above the city average and it is anticipated that the average for this area will increase over the next ten years to approximately $18,000. It is Mr. Noblin's opinion that there is a present need in the area for a shopping center of the type proposed, although there are presently four shopping centers in the city within two and one-half miles of the one proposed.
When the county zoned the area in question, it provided for a total of 329 acres of commercial property. Since that time approximately 132 acres of the commercial property has been diverted to other uses, such as residential, schools, church and related purposes. Mr. Volney J. Cissna, Jr., an expert on city planning, also associated with Michael Baker, Inc., has resided in the area since 1954 and has seen its development since it was originally zoned. His opinion, based on an extensive study of the area, is that the proposed shopping center is economically feasible and is needed.
It was also established by two experienced realtors and the director of the Zoning Department of the City of Jackson that the highest and best use of the subject property is commercial, that the proposed commercial use would not depreciate residential property values in the area, and that there is a definite need in the area for the proposed shopping center.
The principal question to be decided is whether the evidence on behalf of appellee is sufficient to show a change of conditions that would justify rezoning of the property from residential to commercial. Involved in this issue is also the question of whether the absence of a finding of such change by the Board in its resolution or order rendered it void.
Appellants correctly point out that this Court has committed itself to the rule that the zoning authority must exercise its power to rezone property in accordance with certain basic principles. In City of Jackson v. Bridges, 243 Miss. 646, 654-655, 139 So.2d 660, 663 (1962), we stated the rule to be: "Before rezoning it must be shown that there was some mistake in the original zoning or that conditions in the neighborhood have changed so as to warrant rezoning." It was also pointed out: "The determination of zoning authorities that there has been a change of condition to warrant rezoning will not be disturbed if the question is fairly debatable." 243 Miss. at 655, 139 So.2d at 663. The issue of whether or not there had been any change of conditions since the original zoning was brought into focus before the board and it evidently found that there had been such changes. We think that there is evidence to support such a finding. It was shown without contradiction that the area is being rapidly developed and that the population has increased and is continuing to increase at a rapid rate. Furthermore, the board, in its comprehensive plan for this area, provided for 329 acres of commercial property, which indicates that it was the opinion of the board that this amount of commercial property was necessary in order to properly serve the area. Since that time 132 acres have been diverted to uses other than commercial. There was testimony on behalf of appellants that in spite of these changes it would not be good planning to rezone this property for a shopping center. Professor Sidney E. Doyle, Head of the Department of Urban Planning at the University of Mississippi and a recognized authority in his field, testified on behalf of appellants that he had made a study of the area and, having found it to be scattered out and largely undeveloped, concluded that there is no present need for appellee's proposed shopping center. Professor Doyle also testified that he advised Mr. Paine, appellant, not to develop his commercial property and that any development plans at this time would be premature. It was his opinion that neighborhood shopping centers were a thing of the past and that, from a planning standpoint, a large unified shopping center of at least 240,000 square feet would be ideal *597 for this area, although at present time the area would not support such a center. Mr. Doyle testified further that although he believed appellee's witnesses', Noblin and Cissna, figures to be accurate as to the number of families needed to support the neighborhood shopping center, and although a sufficient number of families live within the area at present, nevertheless, a neighborhood shopping center would not be economically feasible on appellants' or appellee's property because the area is a scattered out and a largely undeveloped community, rather than a neighborhood. The reasoning of Professor Doyle is persuasive and it may be that his idea of proper planning for the area is the better one; however, the board was not bound to accept his recommendation. The comprehensive plan for this area was adopted when the property was originally zoned and the Board could not now very well change the plan to follow the recommendation of Professor Doyle.
Appellants' contention, that the order or resolution amending the zoning ordinance is void for the reason that the board failed to recite in its order that it found a change of conditions, is without merit. That portion of the order or resolution is in the following language:
Whereas, the Board, after hearing the evidence on the matter and carefully considering the same, finds that it is proper and to the best interest of the county, and particularly that portion thereof described in the resolution or ordinance adopted by this Board on the 2nd day of August, 1960, and of record in this Minute Book 55 at page 185, and that the above described property be reclassified as commercial as proposed by the Planning Commission.
Appellant urges that in Lewis v. City of Jackson, 184 So.2d 384 (Miss. 1966), we indicated that it was essential for the order of the zoning authority to recite a specific finding of the change of circumstances. We can readily understand how the language used there might give that impression. However, the controlling feature in Lewis was that there was an absence of any proof to show a change of circumstances. It was not intended and we did not hold that the order of the zoning authority must specifically say that there has been a change of conditions. The essential thing is that there be evidence of a change of conditions. It is clear from the record now before us that the issue of whether there had been any change or changes to justify rezoning of the property was the issue that the Board determined. We are of the opinion that the finding by the Board that the change was proper and to the best interest of the county and particularly to this area, was sufficient since there was proof of change of conditions.
In the final analysis the scope of inquiry by a court upon appeal from the legislative acts of the zoning authority is limited to a determination of whether its decision is reasonable and proper according to the facts before it, or in other words, whether its decision is supported by substantial evidence. Of course, a court can also ascertain whether the authority had the power to make the order or whether the order violates a constitutional right of the complaining party.
Appellants next urged that the resolution or order rezoning appellee's property from residential to commercial constituted spot zoning and was therefore an unlawful exercise of the Board's authority. This same contention was made in Ridgewood Land Co., Inc. v. Simmons, 243 Miss. 236, 137 So.2d 532 (1962). The facts in the cases are somewhat similar. We think that the following statement made in Ridgewood is applicable here to the question of spot zoning. We said:
Finally, it is claimed that the order of the Board of Supervisors is "spot zoning" and the order is therefore invalid. Appellees point out 101 C.J.S. Zoning § 34, as authority for this contention. *598 We are of the opinion that although a zoning ordinance or amendment creates in the center of a large zone a small area or a district devoted to a different use, it is not spot zoning if it is enacted in accordance with a comprehensive zoning plan. There is no doubt in this case that the area covered by the overall plan is a large and comprehensive plan covering many acres, and that rezoning of the area involved is done because of the changed conditions and surroundings in the overall plan. Therefore, under the facts in this case, the order of the Board of Supervisors is not invalid because of spot zoning. We pretermit a decision as to whether or not spot zoning is illegal under Mississippi zoning statutes. Marshall v. Salt Lake City et al., 105 Utah 111, 141 P.2d 704, 149 A.L.R. 282; Eggebeen et al. v. Sonnenburg et al., 239 Wis. 213, 1 N.W.2d 84, 138 A.L.R. 495. See Anno., 128 A.L.R. 740. (243 Miss. at 251-252, 137 So.2d at 538.)
We are of the opinion that under the facts of the circumstances found in this record, the rezoning of appellee's property did not constitute spot zoning so as to make it an illegal act of the Board.
Finally, it is urged that the original zoning ordinance was not properly amended for the reason that it was done by a writing which was captioned as "Resolution" rather than "Ordinance." The caption actually used is "Resolution Amending Resolution or Ordinance Adopted by the Board of Supervisors of Hinds County, Mississippi, on August 2, 1960, and of record in Minute Book 55 at page 185." While the order is certainly not skillfully drawn, we have held in numerous cases that the minutes of the Board reciting its orders and judgments will be looked upon with indulgence, and although they may not be skillfully drawn, if by fair and reasonable interpretation their meaning can be ascertained, they will be sufficient to answer the requirements of law. We think that the resolution or order as entered by the Board clearly reflects that the property of appellee was rezoned from residential to commercial. The order is sufficient to accomplish this purpose. Noxubee County v. Long, 141 Miss. 72, 106 So. 83 (1925); Martin v. Board of Supervisors, 181 Miss. 363, 178 So. 315 (1938); Hall v. Franklin County, 184 Miss. 77, 185 So. 591 (1939).
After careful consideration of the record in this case, we are of the opinion that the judgment of the circuit court affirming the order of the Board of Supervisors of Hinds County rezoning the subject property should be affirmed.
Affrimed.
GILLESPIE, P.J., and RODGERS, JONES, and BRADY, JJ., concur.