## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01608-COA

**JULIE DEN HERDER, MARSHALL JACKSON,**         **APPELLANTS**
**PATTI JACKSON AND KRISSTEL P. HUNT**

**v.**

**MADISON COUNTY BOARD OF SUPERVISORS**         **APPELLEE**

DATE OF JUDGMENT:         10/26/2017
TRIAL JUDGE:         HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:         MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:         JOHN HOWARD SHOWS
        RICHARD A. EISENBERGER JR.
ATTORNEY FOR APPELLEE:         KATHERINE BRYANT SNELL
NATURE OF THE CASE:         CIVIL - REAL PROPERTY
DISPOSITION:         AFFIRMED: 11/27/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Julie Den Herder, Marshall Jackson, Patti Jackson, and Krisstel P. Hunt (collectively referred to as "Herder") appeal the Madison County Board of Supervisors' approval of two site plans, one for a mini-storage facility and one for an office warehouse. We find no error and affirm.

FACTS AND PROCEDURAL HISTORY

¶2. In April 2006, the owner of twenty-three acres of real property in Madison County (the "subject property") filed a petition to rezone and reclassify real property (the "petition"). The petition sought to rezone the subject property from R-1 (residential) to C-2

(commercial).

¶3.    On June 8, 2006, a hearing on the petition was held before the Madison County Planning and Zoning Commission (the "Commission").  At the conclusion of the hearing, the Commission unanimously recommended approval of the petition to rezone with the appropriate amendments to the land-use plan.[1]  Thereafter, on June 26, 2006, the Madison County Board of Supervisors (the "Board") acknowledged and approved the Commission's recommendation to rezone the subject property from R-1 to C-2.

¶4.    In 2016, two developers, L&J Holdings LLC and Cedarstone Commercial presented site plans to the Commission regarding the subject property.  Specifically, L&J Holdings requested approval to build a mini-storage facility, and Cedarstone Commercial requested approval to build an office warehouse.

¶5.    On several occasions, the developers, nearby property owners, and attorneys appeared before the Commission to discuss the proposed site plans.  At each meeting, the Commission tabled the site-plan review and encouraged the parties to work out an agreement regarding the contested issues.

¶6.    On August 11, 2016, the parties appeared before the Commission for another hearing and advised that they were able to agree on some, but not all, of the conditions.  After hearing from the parties, the Commission recommended approval of the site plans for both the mini-storage facility and the office warehouse subject to the agreed-upon conditions identified in the minutes.  As to the mini-storage facility, the Zoning Administrator advised L&J Holdings

---

[1] The Commission noted during the hearing that the land-use plan reflected residential zoning and would therefore need to be amended.

that it would need to return with a request for a conditional use to have any outside storage on the site. Herder subsequently appealed the Commission's decisions to the Board.

¶7. The parties appeared before the Board on October 17, 2016, and presented arguments related to the site-plan approvals. Following a lengthy discussion, the Board accepted the Commission's recommendation and approved the site plans for both the mini-storage facility and the office warehouse.

¶8. Herder timely appealed the Board's decisions to the Madison County Circuit Court. On October 26, 2017, the circuit court found that the Board's decisions were not arbitrary, capricious, discriminatory, illegal, or without substantial evidentiary basis. As a result, the circuit court affirmed the Board's decisions to approve the site plans.

¶9. In this appeal, Herder argues that the original 2006 rezoning of the subject property from R-1 to C-2 was void and unenforceable. Alternatively, if the 2006 rezoning of the subject property was not void, then Herder argues: (1) the rezoning was conditioned upon restrictive covenants that prohibit the proposed mini-storage facility and office warehouse, and (2) L&J Holdings's site plan regarding a mini-storage facility should not have been approved without a written request for a conditional use.

STANDARD OF REVIEW

¶10. "The standard of review in zoning cases is whether the action of the board or commission was arbitrary or capricious and whether it was supported by substantial evidence." *Drews v. City of Hattiesburg*, 904 So. 2d 138, 140 (¶5) (Miss. 2005). "Thus, zoning decisions will not be set aside unless clearly shown to be arbitrary, capricious,

3

discriminatory, illegal or without substantial evidentiary basis." *Id*. "There is a presumption of validity of a governing body's enactment or amendment of a zoning ordinance[,] and the burden of proof is on the party asserting its invalidity." *Id*. "Where the point at issue is 'fairly debatable,' we will not disturb the zoning authority's action." *Id*. Questions of law are reviewed de novo. *Id*. at (¶6).

ANALYSIS

I.     *2006 Rezoning*

    A.     *Notice and Public Hearing*

¶11.   Herder claims that the 2006 rezoning of the subject property was void as a matter of law since proper notice was not given and a public hearing was not held. Mississippi Code Annotated section 17-1-15 (Rev. 2003) provides for the manner in which a zoning ordinance is determined, established, enforced, and amended. Pursuant to section 17-1-15, "[N]o . . . ordinance . . . shall become effective until after a public hearing . . . [a]t least fifteen (15) days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality or county."

¶12.   Here, the record shows a "Notice of Public Hearing on Petition for Rezoning" was published on May 18, 2006, in the Madison County Herald. The notice described the subject property and notified the public that a hearing would be held before the Madison County Planning and Zoning Commission on June 8, 2006, at 9:00 a.m., at the Madison County Circuit Court Building, in the Law Library, located at 128 West North Street, Canton, Madison County, Mississippi, to consider and act upon the petition.

4

¶13.    Additionally, the minutes from the June 8, 2006 hearing reflect that the petition was considered and ultimately approved by the Commission at the date, time, and location identified in the notice. Thus, despite Herder's assertion, the record shows that proper notice was given and a public hearing was held regarding the 2006 rezoning of the subject property.

### B.    Change in the Character of the Neighborhood

¶14.    Herder also argues that the 2006 rezoning of the subject property was void since there was no finding of a manifest error in the original rezoning or a change in the character of the neighborhood to support the rezoning. "To reclassify property, there must be proof, by clear and convincing evidence, that either: (1) a mistake in the original zoning occurred; or (2) a change occurred in the character of the neighborhood to justify rezoning and a public need." *Edwards v. Harrison Cty. Bd. of Supervisors*, 22 So. 3d 268, 274 (¶20) (Miss. 2009).

¶15.    As noted in the petition, the subject property consisted of twenty-three acres, two of which were already zoned and classified as C-2. Additionally, the subject property is adjacent to both residential and commercial properties, including a mini-storage facility and an Entergy substation. The owner of the subject property asserted that the "[e]xisting C-2 designations and the electric sub-station adjoining [the] subject site, along with its access off Yandell Road render[ed] the property as undesirable for [r]esidential purposes."

¶16.    The minutes from the June 8th hearing show that the Commission considered the petition and the arguments therein related to the change in the character of the neighborhood and ultimately recommended approval of the request. Simply because the Commission did not specifically state that there had been a change of conditions does not invalidate the

rezoning. Indeed, the zoning authority is not required to "specifically say there has been a change of conditions. The essential thing is that there be evidence of a change of conditions." *Paine v. Underwood*, 203 So. 2d 593, 597 (Miss. 1967). Here, the record shows sufficient evidence of a change of conditions was presented to support the rezoning.

¶17. We find Herder has failed to show that the 2006 rezoning of the subject property from R-1 to C-2 was void as a matter of law.

## II. Restrictive Covenants

¶18. Alternatively, Herder argues that if the 2006 rezoning was not void, then its approval was conditioned upon restrictive covenants. According to paragraph four of the petition, "[u]se of the subject property shall be . . . subject to restrictions as designated by [r]estrictive [c]ovenants to be recorded." The proposed restrictive covenants were attached to the petition and included mini-storage facilities. Thus, Herder claims the construction of a mini-storage facility such as the one proposed by L&J Holdings is prohibited.

¶19. However, while the petition included language suggesting that the property would be "subject to restrictions as designated by [r]estrictive [c]oventants to be recorded," such restrictive covenants were never recorded. Pursuant to Mississippi Code Annotated section 89-5-5 (Rev. 2011), in order for a covenant to "take effect," it must be recorded.

¶20. Additionally, neither the minutes of the Commission or the Board reference the restrictive covenants or any conditions to be placed on the subject property. Moreover, the minutes do not reflect that the 2006 rezoning was conditioned on the covenants or the recording of the covenants.

¶21. As additional support for their argument, Herder relies on *Woodland Hills Conservation Ass'n Inc. v. City of Jackson*, 443 So. 2d 1173 (Miss. 1983). There, the developer and owners of the subject property entered into a protective covenant agreement with the residents of the area. *Id*. at 1178. In finding that the requested zoning should be approved, the Jackson City Council specifically acknowledged the protective covenant agreement. *Id*. Here, unlike in *Woodland Hills*, neither the Commission nor the Board mentioned the restrictive covenants or any conditions on the subject property in their approval of the 2006 rezoning.

¶22. Herder claims that the unrecorded covenants and "the failure to put the covenants in the minutes is not fatal" because "the Board had actual notice of the restrictive covenants and [wa]s thus equitably estopped from challenging their validity." In support of its equitable estoppel claim, Herder relies on *PMZ Oil v. Lucroy*, 449 So. 2d 201, 208 (Miss. 1984).

¶23. In *PMZ*, a real estate subdivision developer advised all potential lot purchasers that its sixteen-lot subdivision would be restricted to one single-family dwelling per lot. *Id*. at 203. Relying on this representation, certain buyers purchased a lot and built a home. *Id*. Thereafter, the developer attempted to build six townhouse condominiums on one of the lots it retained. *Id*. The buyers subsequently filed suit in the chancery court seeking to enjoin the developer from the construction of the townhouses. *Id*. at 204. The chancery court ultimately found that the developer should be equitably estopped from violating the unrecorded covenants communicated to and relied upon by the homeowners. *Id*. at 207-09.

¶24. We find Herder's reliance on *PMZ* is misplaced, as *PMZ* is distinguishable from the

7

case before us. *PMZ* did not involve a zoning authority such as the Commission or the Board. Instead, *PMZ* involved a private dispute between a developer and residents of a subdivision. Additionally, *PMZ* did not involve conditional zoning, nor did it find that a zoning authority was bound by suggested covenants.

¶25. Herder contends that based upon the restrictive covenants outlined in the petition to rezone, the Commission's and the Board's actions approving the two site plans were arbitrary and capricious. We disagree.

¶26. "An act is arbitrary when it is not done according to reason or judgment, but depending on the will alone." *Burks v. Amite Cty. Sch. Dist.*, 708 So. 2d 1366, 1370 (¶14) (Miss. 1998). An act is capricious when "done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." *Id*.

¶27. The record shows the parties appeared before the Commission numerous times and ultimately appeared before the Board. At those meetings, the residential property owners argued that the subject property was limited by the restrictive covenants and that the covenants were part of the conditional rezoning. Following a lengthy discussion, the Board found the covenants were not binding on the property and approved the site plans based on the Commission's recommendation.

¶28. There is no evidence to suggest that the Board's actions were arbitrary or capricious. Instead, there is substantial evidence to support the decision.

    III. *Conditional Use*

8

¶29. Following a hearing, the Commission approved L&J Holdings's storage-facility site plan subject to the agreed upon conditions identified in the minutes. At the hearing, the Zoning Administrator advised L&J Holdings that any outdoor storage would require a request for a conditional use. Thus, if it wanted outdoor storage on the site, then L&J Holdings "would need to come back with a request for a conditional use . . . ."

¶30. Herder argues that the L&J Holdings site plan should not have been approved until a written request for the conditional use of outdoor recreational storage was filed, a public hearing was held, and such conditional use was determined by the Commission. In other words, Herder argues the conditional use issue should have been "decided together with the site plan approval" and that "[b]ecause it was not . . . the Commission's actions were arbitrary and capricious."

¶31. However, the approved portions of L&J Holdings's site plan did not require a conditional use. Only the outdoor recreational storage portion of the plan, which was not part of the site-plan approval, required a conditional use. Simply because the Commission required L&J Holdings to come back before the Commission and the Board at a later date for approval of outdoor recreational storage was not arbitrary or capricious.

¶32. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**