ADAMS, et al. *v.* R. L. REED, JR., MAYOR OF CITY OF LONG BEACH, MISSISSIPPI, et al.

No. 41651 October 17, 1960 123 So. 2d 606

*Owen T. Palmer, Charles R. Galloway,* Gulfport, for appellants.

*Pete H. Carrubba,* Long Beach, for appellees.

McGehee, C. J.

This appeal is from an ordinance unanimously adopted by the Mayor and Board of Aldermen of the City of Long Beach, Mississippi, and which was affirmed by the circuit court, rezoning property from residential to commercial, a strip of land fronting on U. S. Highway 90 and the Mississippi Sound or Gulf of Mexico, and extending northward 300 feet, and also extending approximately 2,000 feet from Jefferson Davis Avenue westerly along West Beach Drive in Long Beach, Mississippi, to Girard Avenue in the said municipality.

The original zoning ordinance, whereby this strip of land was zoned as residential, on September 16, 1945, was amended on September 24, 1957, so as to change the property, contained in the strip of land hereinbefore mentioned, from residential to commercial. The ordinance making such change, Ordinance No. 203, of the City of Long Beach, was first adopted on August 6, 1957, without the notice and a hearing as required by law. Upon protest being made by more than twenty percent of the property owners in the area affected, a notice was duly given and a public hearing had, as required by law, and the hearing was recessed from September 20, 1957, to September 24, 1957, and at which later date Ordinance No. 203 was finally adopted rezoning the said entire area from residential to limited commercial property.

For the purposes of an appeal to the circuit court, the objectors presented a bill of exceptions to the mayor of the municipality for his signature. The bill of excep-

tions was filed but the mayor declined to sign the same because under his view the same was incorrect. Thereupon the objectors obtained a writ of mandamus from the circuit court which required that the mayor sign the bill of exceptions as presented to him or as corrected by him. From that order the mayor took an appeal to this Court in Cause No. 41,121, wherein the action of the circuit court was affirmed. In the meantime the mayor corrected the bill of exceptions, signed the same, and filed it with the clerk of the circuit court. Thereupon the said court affirmed the action of the Mayor and Board of Aldermen, and this appeal is from the action of the circuit court in that behalf.

In support of their intention to rezone the property from residential to commercial, the proponents of the amendment to the Ordinance No. 170 urged, First, that the rezoning of the property to commercial from residential would enable the municipality to obtain more tax revenue in sales and ad valorem taxes than if the same remained zoned as residential; Second, that their property located in the area would be enhanced in value if the area was zoned from residential to commercial; Third, that since the adoption of the original ordinance in September 1945 the cost of schools and the performance of other governmental functions had greatly increased; and, Fourth, that U. S. Highway No. 90 had been converted from a two-lane highway to a four-lane highway resulting in a heavy increase in traffic thereon.

■■ Authorities are cited by appellant which hold that the existence of any one of the above-mentioned factors would be insufficient in itself to furnish a sound reason to permit a change in the use of the property, the fact nevertheless remains that the Mayor and Board of Aldermen would have been entitled to have taken all of such factors into consideration in determining whether or not the rezoning would promote the general welfare of the municipality as a whole.

In the amended ordinance complained of, it is recited that "the said Mayor and Board of Aldermen do now find and determine that the general welfare of the community as well as the existing needs and development and a reasonable consideration of the character of the district and its peculiar suitability for particular purposes, with a view to conserving the value of buildings, and encouraging the most appropriate use of land throughout such municipality, requires the amendment of Section 1, of Ordinance Number 170, as amended by Ordinance Number 196, of the City of Long Beach so as to change the boundaries of the Residential District by taking out of said Residential District and designating as a limited Commercial District the following described property, (describing the property.)

In McQuillins Municipal Corporation, Third Edition, Volume 8, Section 25.67, p. 148, it is recognized that the fact that "certain real estate is far more valuable for business than for residential purposes is not *in itself* a sound reason for permitting a change of the use of the property (Italics ours); but, as stated above, we are of the opinion that the governing authorities of the municipality had the right to determine whether or not all of the foregoing factors combined would justify the amendment of the ordinance in the interest of the general welfare.

We also think that the fact that the cost of schools and the performance of other governmental functions would not of itself justify the amendment of the ordinance of 1945. The need of more revenue for these purposes may be entitled to consideration in determining whether or not the amendment would tend to promote the general welfare when considered in connection with the existence of the other factors hereinbefore enumerated.

As to the fourth and last ground assigned by the appellees in support of the amendment of the ordinance of 1945, it was for the Mayor and Board of Aldermen to consider as to whether the conversion of the area

in question from residential to commercial property could be done more advantageously to the municipality as a whole than the conversion of other property, vacant and unzoned, from residential to commercial. In other words, although there may be other vacant and unzoned areas available for commercial purposes, it was for the Mayor and Board of Aldermen to determine whether or not these other vacant and unzoned areas in the municipality could be devoted to commercial purposes as advantageously as the area in question.

In the instant case there is not involved the question of whether a two-thirds vote of the Mayor and Board of Aldermen, or a unanimous vote, was required for the rezoning, such as was involved in the City of Jackson v. Freeman-Howie, Inc., 239 Miss. 84, 121 So. 2d 120. In the case at bar the vote was unanimous, and therefore there was at least a two-thirds vote in favor of the rezoning, and it was said in the case of City of Jackson v. Freeman-Howie, Inc., supra, that "The favorable vote of two-thirds of the members of the legislative body of the City, in this case, two out of the three members of the Council, under Section 3594, supra, was a mandate from the Legislature to the Council to approve the rezoning." While there were no residences in the area rezoned in that case, there was a residential area on one side of the triangle, and the circuit court held that the area in question was subject to be rezoned over the protest of property owner in adjacent areas, and this Court affirmed the decision of the circuit court.

 █ In the case of Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So. 2d 281, the city authorities denied the petition for rezoning of a lot from residential to commercial and we affirmed the decision. In the case at bar if the Mayor and Board of Aldermen of the City of Long Beach had denied the petition of the proponents for the rezoning in question, we would likewise affirm its decision, but after a full hearing in the matter the Mayor and Board of Aldermen granted the rezoning of

the area in question from residential to commercial; ██ █ and as we said in the case of Ballard, Mayor of Tupelo, et al. v. Smith, 234 Miss. 531, 107 So. 2d 580, the courts should not constitute themselves as a zoning board for a municipality.

██ █ As was said in the case of Holcomb v. City of Clarksdale, supra, quoting from 62 C. J. S., pp. 560-561, "The classification of property for municipal zoning purposes is a legislative rather than a judicial matter, as are the size, extent, and boundaries of zones. As a general rule the courts will not interfere in such matters or substitute their own judgment for that of the municipality, although the action of the municipality is subject to judicial review as to whether it is reasonable, arbitrary, discriminatory, confiscatory, or an abuse of discretion. The courts will not set aside the municipality's classification if its validity *is fairly debatable,* but will do so only if its invalidity is clear." (Italics ours.)

██ █ The issue in the case at bar is not solely whether the property of the objectors will be damaged by the area being converted from residential to commercial property, nor whether the property of the proponents will be enhanced in value thereby, but the question is whether or not the rezoning of the property will be in the interest of the general welfare of the municipality as a whole.

From the foregoing views, it follows that we must affirm the action of the Mayor and Board of Aldermen and the judgment of the circuit court in this case.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.