WALKER, Presiding Justice,
for the Court:
This is an appeal from the final judgment of the Circuit Court of Forrest County, Mississippi, affirming the October 18, 1983 decision of the Hattiesburg City Council rezoning certain lands in the City of Hat-tiesburg from R-l residential to C-2 general commercial.
The land in question is located north of and adjunct to the cloverleaf intersection of U.S. Highways 49 and 11 in the City of Hattiesburg and involves the proposed expansion northward of the Cloverleaf Shopping Mall. The mall is surrounded on three (3) sides by commercial property and residential property on the northern boundary.
The rezoning of the Cloverleaf Mall site has been the subject of considerable litigation for several years. The first of six (6) cases were consolidated and disposed of by this Court in Currie v. Ryan, 243 So.2d 48 (Miss.1971) wherein this Court upheld the extension of the commercial zone at the mall site from an eighteen (18) acre tract to a thirty four (34) acre tract. In 1980 in Cloverleaf Mall Limited v. Conerly, 387 So.2d 736 (Miss.1980), this Court affirmed the Circuit Court’s reversal of the decision of the city of Hattiesburg to rezone an area comprising 10.6 acres from R-l to C-2 within the Cloverleaf area.
In April of 1983 the petitioners, owners of the Cloverleaf Mall, filed their application seeking a change in zoning classification of approximately seventeen (17) acres from R-l, single family residential to C-2, general commercial. The same 10.6 acres sought to be rezoned in Conerly were included in the seventeen (17) acres. A hearing was held before the city planning commission which recommended the petition be *503 granted. A public hearing was requested by those opposing the rezoning being several neighbors of the mall site, and Broada-cres, a competing shopping center. The principal members of the nearby residential area who protested the zoning application in 1978 joined the proponents and testified in behalf of the requested zoning. These citizens entered into a private agreement with Cloverleaf Mall creating a buffer zone between their property and the proposed expansion site of the mall. The hearing took place over three (3) days with numerous witnesses, expert and lay, proponents and objectors testifying. After reviewing the evidence introduced at the hearing and based on a finding that there was a public need for the change in question and that a material change had occurred in the circumstances and conditions of the neighborhood since the enactment of the original zoning ordinance, the city council approved the petition and adopted Ordinance 2132 rezoning 16.5 acres from R-l to C-2. The objectors appealed to the Circuit Court of Forrest County which upheld the decision of the council, hence this appeal.
Before property is reclassified from one zone to another there must be proof either, (1) that there was a mistake in the original zoning or, (2) the character of the neighborhood has changed to such an extent as to justify rezoning and that public need exists for rezoning. City of Jackson v. Aldridge, No. 56,223 decided 5/7/86 (as yet unreported); North West Builders, Inc. v. Moore, 475 So.2d 153 (Miss.1985); Mayors and Commissioners v. Wheatley Place, Inc., 468 So.2d 81 (Miss.1985); Woodland Hill Conservation Association, Inc. v. City of Jackson, 443 So.2d 1173 (Miss.1983); Bridges v. City of Jackson, 443 So.2d 1187 (Miss.1983); Cloverleaf Mall Limited v. Conerly, 387 So.2d 736 (Miss.1980); Watts v. City of Wiggins, 376 So.2d 1072 (Miss.1979); Sullivan v. City of Bay St. Louis, 375 So.2d 1200 (Miss.1979); Jitney-Jungle, Inc. v. City of Brookhaven, 311 So.2d 652 (Miss.1975) and Underwood v. City of Jackson, 300 So.2d 442 (Miss.1974). Those seeking rezoning must prove either of these propositions by clear and convincing evidence. Wheatley Place, supra; Conerly, supra.
Upon reviewing zoning cases the cause is not tried de novo but the circuit court acts as an appellate court only. City of Jackson v. Aldridge, supra; Board of Supervisors of Washington County v. Abide Brothers, Inc., 231 So.2d 483 (Miss.1970); City of Jackson v. Sheppard Company, 185 So.2d 675 (Miss.1966). Also, the appellate court must examine the record to determine whether the council’s action was arbitrary, capricious, and confiscatory, and whether it is supported by substantial evidence. City of Jackson v. Aldridge, supra; Bridges v. City of Jackson, 443 So.2d 1187 (Miss.1983); City of Jackson v. Ridgway, 261 So.2d 458 (Miss.1972); Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965); Ridgewood Land Company v. Simmons, 243 Miss. 236, 137 So.2d 532 (1962) and Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953).
The appellants contend the circuit court erred in its finding that the record reflected by clear and convincing evidence that there was a substantial public need for rezoning the property and there existed a substantial change in the character of the neighborhood since the filing and consideration of the 1978 petition disposed of by this Court in Conerly, supra. In Woodland Hills Conservation Association v. City of Jackson, 443 So.2d 1173, 1179 (Miss.1983) this Court stated:
The zoning statutes of this state contemplate the adoption by each municipality of a comprehensive zoning plan. The plan should be designed to bring about “coordinated physical development” of the community “consistent with its present and future needs”. Miss.Code § 17-1-11(1) (Supp.1982) [Emphasis added]. Properly designed, the comprehensive plan contemplates a dynamic community. It recognizes the inevitability of change. Its goal is orderly change, balancing the community’s growth needs and the individual’s interest in using his *504 property as he sees fit. Its calculus is largely utilitarian.
In the end all zoning in this state is for “the purpose of promoting health, safety, morals, or the general welfare of the community”. Miss.Code § 17-1-3 (1972).
443 So.2d at 1179.
This Court further went on to state “The decisions of municipality zoning authorities, because they are legislative decisions, are presumed valid ... Because communities grow and changes occur, municipal officials possess the power to rezone.” 443 So.2d at 1180.
The appellants refer to this Court’s decision in Conerly and argue that there have been no substantial changes or public need arising within the three (3) years between that decision and the filing of a new petition for rezoning. Some of the facts as stated in Conerly have remained unchanged as noted by appellants. However, the council was not limited to the same considerations as posed in Conerly. Since the filing of the 1978 petition, the council in order to justify rezoning in 1983, looked to the following changes in making its determination: increased population growth; traffic considerations; revitalization of the downtown central business district; increased commercial activity; comprehensive planning; change in economic character; deterioration and buyer’s trend. With the increase in population, the redevelopment of the downtown area and the different land use changes within the city, the council came to the determination that the petition should be granted for the good of the overall population and especially for the Hattiesburg area. Extensive testimony was also introduced as to the increased tax revenue the county, as well as the city, would receive. In its exercise of its legislative power the council ordered the rezoning.
In the recent case of Northwest Builders, Inc. v. Moore, 475 So.2d 153 (Miss.1985) this Court citing Mayor and Commissioners of the City of Jackson v. Wheatley Place, Inc., 468 So.2d 81 (1985) restated its role in reviewing zoning cases as follows:
In our appellate review of the reasonableness and propriety of zoning ordinances, we have developed some basic rules over the past quarter century. We began by stating in Ballard v. Smith, 107 So.2d 580, 234 Miss. 531 (1958), that courts should not constitute themselves zoning boards. We have amplified this statement with the observation that the classification of property for zoning purposes is essentially a legislative rather than a judicial responsibility of the city board, and in the absence of its being arbitrary, unreasonable, discriminatory, confiscatory, or an abuse of discretion courts would not interfere; and courts would set aside only if the invalidity was clear. See: Adams v. Reed, 239 Miss. 437, 123 So.2d 606 (1960); Robinson Industries v. City of Pearl, 335 So.2d 892 (Miss.1976); City of Jackson v. Ridgway, 261 So.2d 458 (Miss.1972); Jackson v. Schwartz, 244 So.2d 8 (Miss.1971); Currie v. Ryan 243 So.2d 48 (Miss.1970); Moore v. Madison County Bd. of Supervisors, 227 So.2d 862 (Miss.1969); Howie v. Autrey, 209 So.2d 904 (Miss.1968). (468 So.2d at 83).
We emphasized this further in Board of Aldermen of Town of Bay Springs v. Jenkins, 423 So.2d 1323 (Miss.1982), when Justice Hawkins described the role of the chosen representatives of the people:
In rendering the municipal order, the Mayor and Board of Aldermen were authorized to consider the statements expressed by all the landowners at the hearing, as well as to call upon their own common knowledge and experience in their town. It is manifest that the Mayor and Board took into consideration all statements, both sworn and un-sworn, and their common knowledge and familiarity about their small community, in reaching their decision. We believe this method to be sound and practical, and courts should respect such findings unless they are arbitrary, capricious *505 and unreasonable. (423 So.2d at 1327-1328). (Emphasis added).
475 So.2d at 155.
Also see City of Jackson, supra.
Furthermore, this Court will not substitute its judgment as to the wisdom or soundness of the municipalities action. The scope of the reviewing court is limited. The order of the governing body of a municipality may not be set aside if its validity is fairly debatable, and such order may not be set aside by a reviewing court unless it is clearly shown to be arbitrary, capricious, discriminatory or is illegal or without substantial evidential basis. City of Jackson, supra; Currie v. Ryan, 243 So.2d 48 (Miss.1970). Also see Woodland Hills, supra and Killeqrew v. City of Gulfport, 293 So.2d 21 (Miss.1974).
Based on our limited review powers and careful consideration of the record we find that the actions of the council were not unreasonable, arbitrary, capricious or discriminatory and affirm the holding of the circuit court.
The appellants also contend that the court erred in not applying the doctrine of res judicata to the present application for rezoning and allege that the same issues were resolved in Cloverleaf Mall Limited v. Conerly, supra. However, there is no merit to this assignment and warrants no further discussion.
Lastly, the appellants claim that the circuit court erred in its approval of discriminatory protective covenants, i.e., the agreement entered into prior to the filing of the petition by certain residential neighbors of the mall and Cloverleaf Mall itself.
This assignment is without merit as the council as well as the circuit court found that this agreement establishing a “buffer zone” on the northern boundary of the property was purely private in nature and was not the basis for the council’s or the circuit court’s decision as they found that the proof was otherwise sufficient to show a public need and material change in character and conditions of the neighborhood to justify rezoning and we agree.
Having given careful consideration to the record we affirm the holding of the circuit court sustaining the council’s actions based upon a finding that the evidence supports the council’s decision to rezone the property within the mall site and the rezoning was not unreasonable, arbitrary, capricious, nor discriminatory.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN, J., not participating.