This case involves the rezoning of approximately 180 acres of land in Homewood, Alabama, from several zoning classifications, including residential and commercial, to a Planned Mixed Use District ("PMUD"). Homewood Citizens Association, Inc. ("HCA"), filed this action against the City of Homewood ("City") and Crow-Brindell-Mitchell *Page 143 
# 2 and Samford University (joint venture development partners, hereinafter referred to as "Samford), alleging in Count I that the City had arbitrarily and capriciously amended the ordinance to rezone the property in question as a PMUD, and in Count II that the City, in amending the ordinance, had violated HCA's rights to substantive due process, for which HCA sought damages under 42 U.S.C. § 1983.[1] Ouida and Bruno Fritschi (owners of property adjacent to the land at issue) were permitted to intervene.
PMUD zoning, like Planned Use District Zoning (PUD), is a recent but well-accepted and recognized planning device used for relatively large tracts of land to promote flexibility and to take advantage of open space and clustering of development not possible under traditional zoning concepts. In exchange for the flexibility in planning, the City retains greater control over the development process. See, 2 Anderson, American Law ofZoning 3d, §§ 11.12-11.24 (1986). Under traditional zoning classifications, the city's control of the use and development of the property ends with the approval of the preliminary development plan. However, under the PMUD zoning classification, the approval of the preliminary development plan is only the first phase in a two-phase process. Absolutely no use or development of the property can be undertaken under the PMUD zoning classification until the final development plan is approved.
The present case went to trial before the Honorable Jack Carl, without a jury. At the close of HCA's and the Fritschis' evidence and after they had rested, the City and Samford renewed their motions to dismiss HCA on the basis that it lacked standing. The trial court granted that motion, dismissing HCA as a party plaintiff.
The trial court rendered a final judgment, wherein it held that the developers had complied with the requirements of the PMUD ordinance and that the Homewood City Council had not acted arbitrarily and capriciously in rezoning the property.
When a municipal body acts either to adopt or to amend a zoning ordinance, it acts in a legislative capacity and the scope of judicial review of such action is quite restricted.Woodard v. City of Decatur, 431 So.2d 1173 (Ala. 1983); City ofGadsden v. Downs, 412 So.2d 267 (Ala. 1982). The restricted role in reviewing the validity of a zoning ordinance or regulation has been stated as follows:
 "Zoning is a legislative matter, and, as a general proposition, the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion, and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational and justifiable basis for the enactment and it does not violate any state statute or positive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination.
 "In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or is plainly contrary to the zoning laws."
82 Am.Jur.2d Zoning and Planning § 338 (1976) at 913-14.
The standard of review used to determine whether a zoning ordinance is arbitrary and capricious was stated by this Court in City of Tuscaloosa v. Bryan, 505 So.2d 330, 336 (Ala. 1987):
 "If the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance *Page 144 
is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary, a court being unwilling under such circumstances to substitute its judgment for that of the municipal governing body acting in a legislative capacity. Cudd v. City of Homewood, 284 Ala. 268, 224 So.2d 625 (1969)."
The burden is upon the party seeking relief from an ordinance to show that the ordinance was not a fairly debatable issue before the municipal governing body. Northwest Builders, Inc.v. Moore, 475 So.2d 153 (Miss. 1985).
HCA and Fritschi argue that the City's decision to rezone the property was arbitrary and capricious, because they argue, it was based on insufficient or inaccurate data submitted in the preliminary development plan. Specifically, they argue that the preliminary development plan did not comply with the requirements set forth in Article 6 of Homewood Ordinance 1606, because it failed to display the proposed uses throughout the entire tract; it failed to display the proposed density of the development for the tract; it failed to display the access to and traffic circulation within the tract; it failed to display the contour lines showing the topography for the entire tract; and it failed to sufficiently set forth the proposed schedule of development of the site. We have reviewed Samford's preliminary development plan, and we do not find that HCA and Fritschi met their burden of proof.
Samford's preliminary development plan clearly shows the proposed uses throughout the tract by color-coding — the proposed greenbelt area is green, the proposed office area is red, the two residential areas are blue, and the proposed area for mixed use is orange. HCA and Fritschi contend that these proposed designations do not provide sufficient specificity as to the actual use of the property or the actual location of the proposed structures. However, under Homewood's PMUD zoning classification, such detailed information need only be submitted at the time the more detailed final development plan is under consideration.
Samford's preliminary development plan incorporates by reference, as an "Additional Restriction of Development," the "restrictions contained in Ordinance 1606." Ordinance 1606 defines and regulates density within the PMUD classification by setting out the maximum density, controls, limitations, and restrictions applicable to the entire tract, unless otherwise specified by the preliminary development plan. Since the restrictions can be determined simply by reference to the ordinance, it is not necessary to repeat those restrictions in the preliminary development plan.
The preliminary development plan incorporates a general circulation scheme for traffic circulation within the proposed development and provides for access to the proposed development from North Lakeshore Drive, South Lakeshore Drive, and Old Montgomery Highway. Nothing more is required under the preliminary development plan.
The preliminary development plan was of the appropriate scale and provided adequate topographic contour information. Contour lines, numerically labeled to show the elevation of a particular portion of the property, were sufficiently extended throughout the tract, with the exception of the floodplain area.
HCA's and the Fritschis' contention that the preliminary development plan did not set forth a proposed schedule of the development of the site is without merit. Samford's preliminary development plan sets forth the following schedule:
"Estimated Development Schedule
 "A multi phased development commencing construction in Mid-1987, with subsequent phases spaced at approximately 18 month intervals, for a total development completion in about ten years."
This schedule clearly supplied the information necessary under the preliminary development plan to inform the City of the proposed schedule of development.
The trial court certainly was not plainly or palpably wrong in finding that the information *Page 145 
contained in the preliminary development plan complied with the requirements of the PMUD ordinance and that the City was not arbitrary and capricious in its decision to rezone the property.
HCA and Fritschi also contend that the City failed to give adequate notice of the rezoning hearings, because the notices misdescribed the existing zoning classification of the property in question. We disagree.
Ala. Code 1975, § 11-52-77, and Act No. 1123, Sept. 17, 1973, codified as Appx. § 1059(29) Code of Alabama of 1940 (Recomp. 1958) (1973 Supp.) (both of which were incorporated into and made a part of the Homewood zoning ordinance), govern what notice is due prior to the enactment of zoning legislation. Neither section requires that the then-current zoning classification be a part of such notice.
Section 11-52-77 requires publication of the proposed ordinance on two occasions, one week apart, and both at least 15 days prior to the enactment of the ordinance. It also requires that the notice be published in a newspaper of general circulation within the municipality. The notice must state the time and place that the ordinance is to be considered by the municipal legislative authorities, and state that all persons who desire shall have an opportunity to be heard in opposition to, or in favor of, the ordinance.
In the instant case, the City published the entire proposed ordinance in the Shades Valley Sun (a newspaper of general circulation), on two occasions, one week apart and more than 15 days prior to the public hearing. The notices stated that the ordinance, as amended, would be considered by the Homewood City Council at Homewood High School, 1901 South Lakeshore Drive in Homewood, on February 9, 1987, at 7:00 p.m.; and that all persons who desired would have the opportunity to be heard in opposition to, or in favor of, the ordinance or any provision thereof.
In addition to § 11-52-77, Act 1123 requires that written notice be sent to all persons owning land located within 500 feet of the boundaries of the property subject to being rezoned. The notice must state the street address of the property to be rezoned, if any, and state that a protest may be filed with respect to such proposed change. The notice is deemed given when deposited in the United States mail, first class, postage prepaid.
Marilyn Grubbs, the clerk of the City of Homewood, testified that written notice of the proceedings was sent bycertified mail on January 19, 1987, to all persons owning land within 500 feet of the boundaries of the property whose zoning is at issue in this case. The notice gave the time, place, and date of the public hearing and a legal description of the property proposed to be rezoned. Attached to the notice was a map illustrating the area proposed to be rezoned in relation to the surrounding properties, highways, and streets. The notice also stated that a protest to the proposed rezoning could be filed with the clerk at any time prior to the day before the hearing.
We need not decide whether HCA has standing to sue in this action, because the standing of the other two plaintiffs/appellants, Ouida and Bruno Fritschi, was not questioned and the case was heard on its merits, and we affirm on the merits. Alabama Education Ass'n v. James, 373 So.2d 1076
(Ala. 1979). HCA was not dismissed until after having presented all of its evidence at trial; thus, HCA was able to argue the merits of the case before it was dismissed. Any possible error arising from dismissal of HCA is, therefore, harmless. James, supra.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and KENNEDY, JJ., concur.
[1] The trial court, at the request of the defendants, granted a motion to dismiss the § 1983 claim, and the case proceeded to trial on the first count only. *Page 146