THIGPEN, Judge.
This is a zoning case.
Charles Dyas and others (plaintiffs/appellants), who own a certain parcel of property referred to as the Triangle, sought to have the property rezoned. The rezoning request was recommended to be denied by the Fairhope Planning and Zoning Commission on September 9, 1986, and was subsequently denied by the Fairhope City Council (Council) on October 20, 1986. The City of Fairhope (City) refused to rezone the Triangle from an R-l (low density single-family residential district) and R-4 (low density multi-family residential district), to a B-2 (general business district) and a B-4 (business and professional district). The *932 plaintiffs thereafter filed a complaint against the City, the Mayor, and the Council (defendants/appellees) on April 20, 1988, seeking to have the zoning ordinance declared unconstitutional and to have the actions of the defendants in denying the rezoning application declared arbitrary and capricious. The plaintiffs further sought injunctive relief to prohibit the defendants from enforcing or attempting to enforce any zoning classification against the property more restrictive than B-2 and B-4, together with damages sustained from the action of the defendants.
On defendants’ motion, the court dismissed the plaintiffs’ complaint insofar as claims of procedural due process were concerned, and trial was had on the remaining issues. Following extensive evidence, together with oral arguments taken at the hearing, which lasted approximately four days, the trial court entered a final judgment November 28,1990. The order stated that “The Plaintiff has failed to establish that the zoning board acted arbitrarily or capriciously, that the correctness of the ordinance as to this property can not be fairly debated, or that the application of the ordinance to this parcel is confiscatory.” Hence, the plaintiffs appeal.

Facts

Since 1974, the City has adopted and periodically updated a written comprehensive plan of development, which continues to prescribe residential use for the Triangle. In conformity with that plan, the City’s zoning ordinance classifies the Triangle as R-l and R-4. The Triangle consists of approximately 39 acres of undeveloped land, and is located at the northern extreme of the City in the vertex of U.S. Highway 98 (a four-lane road) and Section Street (a two-lane road, also known as Scenic U.S. Highway 98). It is bordered on the south by Alabama Highway Í04, also a two-lane road. The northern tip of the Triangle is within an unincorporated area of Baldwin County. Diagonally across U.S. Highway 98 and outside the City from the Triangle is a large tract of land zoned by the county as B-l and B-2, permitting development for retail, professional, and like usage. To the south, the property is bounded by a residential subdivision. There is practically no development to other adjacent land; however, it is zoned for residential use within the City.
On numerous occasions, beginning in 1972, the appellants have applied to rezone the Triangle. All applications for rezoning have been denied. Here, in the event of conditional rezoning, the appellants proposed to engraft certain restrictive covenants on the property, requiring it to bee. developed in conformity with a site development plan, including buffers, landscaping, and the like, in order to protect the surrounding residential community. Appellants presented numerous witnesses, including engineers, urban planners, appraisers, and developers, all of whom essentially testified that the Triangle should be rezoned to allow commercial use, and that such use would not adversely affect the value of adjacent properties. Likewise, the appellees presented numerous witnesses, including developers, members of the planning commission, urban planners, and consultants, together with a resident of the adjacent subdivision and the Mayor, all of whom essentially testified that the present zoning was correct, and that its present zoning is in conformity with the City’s comprehensive plan, and as such, bears a reasonable relationship to the health, safety, and welfare of the City.
Upon conclusion, the trial court made certain findings of fact: (1) that prior to the adoption of the City’s comprehensive plan in 1974, the Triangle was zoned for residential use; (2) that the comprehensive plan continued that classification through and including an update of said plan in 1986; (3) that all witnesses agreed that the 1974 plan was good, and that the 1986 plan supported the general philosophy of the prior plan, and that the Triangle’s classification as residential was correct at that time; (4) that the comprehensive plan followed by the City purposefully forced commercial growth to the south and east of the downtown area, as reflected by the development of several shopping centers in those areas, whereas the Triangle is locat *933 ed in the northern part of the City, which has purposely remained residential; (5) that the basic infrastructure, planning, and development for the City has been in accordance with the comprehensive plan; (6) that while property across U.S. Highway 98 from the Triangle is zoned for commercial use, and in spite of testimony of the need for commercial development in the area, no such development has occurred in that area which is zoned for commercial development; (7) that there is sufficient property within the county for the establishment of commercial development; (8) that while experts and representatives for the plaintiffs testified as to the need for a regional shopping center in the area, there was no explanation as to why that need could not be met somewhere other than on the subject property, or why no one else had moved to fill the need on adjacent county property which is properly zoned for commercial use; (9) that while the Triangle was suitable for a proposed development, there would be a corresponding increase in essential services the City would have to provide if the proposed commercial use were permitted; (10) that there was testimony that the Triangle continues to be suitable for residential purposes and that it has some value as currently zoned; (11) that while the Triangle has remained undeveloped as currently zoned, the owners admit they have never attempted any residential development, and have demonstrated a singular devotion to develop the property commercially; (12) that the dispute over the zoning of the Triangle has existed for many years, and the plaintiffs have repeatedly attempted to persuade the City to rezone the property, and the City has continuously refused to do so and has adhered to the comprehensive plan; (13) that the general welfare of the citizens of the City is served by having controlled commercial growth; and, (14) that plaintiffs failed to establish that the zoning board acted arbitrarily or capriciously, or to prove that the correctness of the ordinance, as applied to the Triangle, cannot be fairly debated.
We begin our analysis of this case by noting that when a trial court makes findings of fact based on evidence presented ore tenus, those findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust. This is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence. Every presumption will be indulged in favor of the court’s findings, and those findings will not be disturbed unless palpably wrong. Gulledge v. Frosty Land Foods International, Inc., 414 So.2d 60 (Ala.1982).
Review of the denial of the appellants’ application for a zoning change involves the use of two somewhat confusing rules of law. First, there must be a determination of whether the zoning ordinance, as applied to the appellants’ property, has a “substantial relationship” to the objects of the police power of the City, i.e., the promotion of the health, safety, morals, and general welfare of the community. BP Oil Co. v. Jefferson County, 571 So.2d 1026 (Ala.1990). If so, whether the zoning classification application is fairly debatable, i.e., if the classification can be said to be reasonably subject to disagreement, then the application of the ordinance by the zoning authority should not be disturbed by the courts. BP Oil, supra. Also, Byrd Companies, Inc. v. Jefferson County, 445 So.2d 239 (Ala.1983). Further, whether the zoning authority acted reasonably and fairly, or arbitrarily and capriciously, is a matter for the court to determine. BP Oil, supra.
In the instant case, the trial court found that the City had determined in 1974(1) that the best interests of the City would be served by the commercial growth to occur in the east and south of the City; (2) that the City had sought the aid of regional planning authorities in the adoption of a comprehensive plan to accomplish that goal and has continued to pursue that plan to the present; and, (3) that the general welfare of the City is served by having controlled commercial growth. The appellees’ municipal consultant testified (1) that residential development is a suitable, practical, and realistic use of the Triangle; (2) that rezoning the Triangle for commercial use *934 would be inconsistent with the comprehensive plan, creating a third “commercial core” area; and (3) that commercial development would adversely impact the surrounding residential areas because of increased traffic and probable further commercial development along the road, creating a “ripple” effect.
Michael Bridge, an urban planner, concurred with the municipal consultant and added that there have been no changes over the years with regard to traffic, population, or zoning of surrounding properties, and no changes in the use of surrounding property since 1986 which create a need or demand for rezoning the Triangle. His testimony indicated that there had been no commercial development within the northern part of the City and that the area around the Triangle has become even more residential in character. He further opined that the City had sufficient land zoned for commercial use to meet the City’s needs until the year 2000.
The foregoing, as well as the other evidence, which we will not detail, clearly supports the trial court’s findings with regard to the “substantial relationship rule.” BP Oil, supra. See also Byrd, supra.
Next we must determine whether the denial of the application for rezoning was founded upon “fairly debatable” factual and policy issues. The law governing our review in this type zoning case was succinctly explained in City of Birmingham v. Morris, 396 So.2d 53, 55 (Ala.1981), as follows:
“In the recent decisions of Jefferson County v. O’Rorke, 394 So.2d 937 (Ala.1980), and Cale v. City of Bessemer, 393 So.2d 959 (Ala.1980), the Court reiterated its abiding adherence to the rule of law that a trial court must not disturb the zoning decision of a duly constituted municipal body so long as that decision is based upon a ‘fairly debatable’ rationale. A zoning determination is said to be fairly debatable ‘when for any reason it is open to dispute or controversy on grounds that make sense or point to a logical deduction that in no way involves its constitutional validity,’ Miami Beach v. Lachman, 71 So.2d 148 (Fla.1953), or where the evidence provides a basis for a fair difference of opinion as to the application of the determination to particular property. See generally, 1 R. Anderson, American Law of Zoning, § 3.20 (2nd ed. 1977).
“By virtue of this ‘fairly debatable’ rule, the role of the judiciary in zoning cases is extremely limited and the dimensions of judicial review are narrowly confined. 4 E. Yockley, Zoning Law and Practice § 25-2 (4th ed. 1979); 4 R. Anderson, American Law of Zoning § 25.26 (2nd ed. 1977). Courts must recognize that zoning is a legislative function committed to the sound discretion of municipal legislative bodies, not to the courts. Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968); Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553 (1948). As a result, local governing authorities are presumed to have a superior opportunity to know and consider the varied and conflicting interests involved, to balance the burdens and benefits and to consider the general welfare of the area involved. Episcopal Foundation of Jefferson County v. Williams, 281 Ala. 363, 202 So.2d 726 (1967); Leary v. Adams, 226 Ala. 472, 147 So. 391 (1933). They, therefore, must of necessity be accorded considerable freedom to exercise discretion not diminished by judicial intrusion. Walls v. City of Guntersville, 253 Ala. 480, 45 So.2d 468 (1950). Nevertheless, this discretion is not unbounded, and local authorities may not, under the guise of legislative power, impose restrictions that arbitrarily and capriciously inhibit the use of private property or the pursuit of lawful activities. When such arbitrary and capricious action is made apparent, a reviewing court will not hesitate to disturb the zoning determination as a clear abuse of discretion.”
The appellants’ witness, Raymond Douglas Leonard, testified that the Triangle should be rezoned to permit commercial use. Nevertheless, Leonard also testified that there are three principles to be con *935 sidered: (1) whether the proposed rezoning conforms to the City’s comprehensive land use plan; (2) whether the proposed use is compatible with the surrounding land usage; and (3) whether the proposed rezoning will extend special privileges to individual property owners at the expense of the general public. He resolved all three of these considerations in favor of rezoning, however, upon being questioned by the court as follows:
“... [T]hen you would — would you go further and say the refusal to rezone it in order to attempt — let me rephrase that. Is the refusal to rezone a piece of property, in light of activity in other areas outside your own municipality, irrational if, for the same, say, after fifteen years, you have been attempting to have your city grow in one direction, and this change would, in fact, defeat the purpose you had for fifteen years?”
Leonard responded:
“That’s always the difficult question. And in this case or in a similar ease, I think you can resist a trend for a long time. And I think that that may be part of the analysis that the City may go through. I see the trend coming. I’m not particularly enjoying what I see. I’m trying to preserve something of my own city, so I am doing something by taking certain actions.” (Emphasis added.)
Larry E. Chason, a real estate broker in Baldwin County, testified that the Triangle should be rezoned; however, he also agreed that there could be differences of opinion as to whether it could be developed residentially.
The appellees’ witnesses testified that the residential classification of the Triangle is the proper classification. As indicated previously, Bridge testified that the residential zoning designation of the Triangle bears a reasonable relationship to the public health, safety, and welfare of the city as a whole.
John Phillip Roth, a municipal consultant and contributing drafter of the revised comprehensive plan, testified that residential development is a suitable, practical, and realistic use of the Triangle. He further testified that commercial development would be inconsistent with the comprehensive plan and would negatively impact on the surrounding residential areas.
Zoning is a legislative matter, and the scope of judicial review of that action is quite restrictive. Homewood Citizens Association v. City of Homewood, 548 So.2d 142 (Ala.1989). In cases where the validity of a zoning ordinance is “fairly debatable,” the action of the municipal governing body in adopting the ordinance will not be deemed arbitrary and the court cannot substitute its judgment for that of the municipal governing body acting in a legislative capacity. Homewood, supra; see also Hall v. Jefferson County, 450 So.2d 792 (Ala.1984).
The appellants were required to prove that there are no reasonable differences of opinion regarding the application of the zoning ordinance to the Triangle; i.e., that the current zoning is not at least “fairly debatable.” Based upon the evidence submitted, they have failed to carry that burden.
Having determined that the ordinance as it relates to the Triangle bears a substantial relationship to the health, welfare, and safety of the citizens, and that its current zoning classification is subject to reasonable differences, we find that the action of the City in refusing to rezone the Triangle is not arbitrary and capricious. Accordingly, the trial court’s findings and judgment are due to be, and they are hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J„ concur.